UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSAN HANRATTY, | |
| Plaintiff, | |
| v. | Case No. 10-cv-662-JPG |
| GEORGE T. WATSON and TS ACQUISITIONS, INC., | |
| Defendants. | |

**MEMORANDUM AND ORDER**

**I.    Jurisdiction**

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 3) filed by defendant George T. Watson:

- **Failure to allege the citizenship of an individual.**  A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are jurisdictionally insufficient.  *Steigleder v. McQuesten*, 198 U.S. 141 (1905).  Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000.  The Notice of Removal alleges the residence of defendant George T. Watson but not his citizenship.

The Court hereby **ORDERS** that defendant Watson shall have up to and including September 17, 2010, to amend the faulty pleading to correct the jurisdictional defect.  Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Defendant Watson is directed to consult Local Rule 15.1

regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**II.     Corporate Disclosure Statement**

After reviewing defendant TS Acquisition, Inc.'s notice of appearance and jury demand, the Court notes that TS Acquisition, Inc. has violated Federal Rule of Civil Procedure 7.1, which requires a non-governmental corporate party to submit a corporate disclosure statement at the time of its first appearance, pleading, petition, motion, response or other request addressed to the Court.  The Court hereby **ORDERS** TS Acquisition, Inc. to file on or before September 17, 2010, the appropriate corporate disclosure statement.  Failure to comply with this order may result in striking of the notice of appearance and jury demand pursuant to the Court's inherent authority.

**IT IS SO ORDERED.**
**DATED:  September 2, 2010**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**