UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUSAN HANRATTY,

    Plaintiff,

  v.

GEORGE T. WATSON and TS
ACQUISITIONS, INC.,

    Defendants.

Case No. 10-cv-662-JPG

### MEMORANDUM AND ORDER TO SHOW CAUSE

**I.**     **Jurisdiction**

This matter comes before the Court on defendant George Watson's response (Doc. 11) to the Court's September 20, 2010, order to show cause (Doc. 10) why the Court should not remand this case for lack of subject matter jurisdiction in light of Watson's failure to timely amend his notice of removal to correct a jurisdictional defect. Watson's counsel was apparently confused about whether he needed to seek leave of Court to file his amended notice (which he did not), and a subsequent clerical error caused the amendment not to be filed. Watson has since filed an amended notice of removal (Doc. 13) that corrects the jurisdiction defect of the original notice. The Court therefore **DISCHARGES** the order to show cause (Doc. 11). The Court reminds Watson that, as discussed below, his amended notice has not and will not be served on plaintiff's counsel by the Court's ECF system due to plaintiff's counsel's failure to seek admission to practice in this district and to register to use ECF.

**II.**     **Attorney Admission and ECF Registration**

In reviewing this case, it has come to the Court's attention that plaintiff's counsel Ely Hadowski (1) is not admitted to practice in the U.S. District Court for the Southern District of

Illinois as required by Local Rule 83.1 and (2) has not registered to use the Court's electronic case filing system as required by ECF Rule 1.  This is despite the Clerk's Office's August 26, 2010, letter to Hadowski informing him that he must remedy these two deficiencies in order to receive copies of orders, notices of settings, and other important documents from the Court, and in order to comply with the Court's ECF rules.  As a matter of courtesy and to give Hadowski a fair opportunity to seek admission to practice in the district and to register for ECF, the Clerk's Office has sent via regular U.S. mail several documents entered in this case.  As of today, however, Hadowski has not sought admission to practice in this district and has not attempted to register to use the ECF system.

In light of Hadowski's apparent disinterest in prosecuting this case on behalf of his client, with the exception of this order, the Court **DIRECTS** the Clerk's Office to cease sending Hadowski documents entered in this case.  The Court **FURTHER ORDERS** Hadowski to **SHOW CAUSE** on or before October 8, 2010, why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  The Court will construe a failure to timely respond to this order – via a filing on the ECF system – as a representation that Hadowski's client no longer wishes to prosecute this case and may dismiss this case with prejudice.

**IT IS SO ORDERED.**
**DATED:  September 24, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**