UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUSAN HANRATTY,

Plaintiff,

v.

Case No. 10-cv-662-JPG

GEORGE T. WATSON and TS
ACQUISITIONS, INC.,

Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Susan Hanratty's motion to remand this

case to state court (Doc. 16).  Defendants George T. Watson has responded to the motion (Docs.

27 & 28).

I.      **Background**

Hanratty originally filed this case on June 8, 2010, in the Circuit Court for the Third

Judicial Circuit, Madison County, Illinois.  The face of the complaint indicates the plaintiff

resided in Illinois and the defendants resided in Texas.  Hanratty served the summons and

complaint on TS Acquisitions, Inc. ("TSA") on July 1, 2010, and on Watson on July 30, 2010,

and the affidavit of service on Watson showing service in Oklahoma was filed in state court on

August 11, 2010.  TSA did not file a notice of removal within 30 days of being served.  On

August 30, 2010, Watson filed a notice of removal in this Court on the basis of original diversity

jurisdiction along with a written consent from TSA.  The notice of removal pleads that Hanratty

is a citizen of Illinois, TSA is a citizen of Texas and Watson is a citizen of Oklahoma.  Hanratty

did not file the notice of removal in the Madison County Circuit Court until October 20, 2010.

Hanratty now asks the Court to remand this case on the grounds that TSA's consent to removal

was invalid because it was given more than 30 days after service of the summons and complaint and that Watson did not comply with the requirements to file the notice of removal promptly in state court.

A defendant may remove to federal court a case filed in state court if the federal court would have had jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). No party disputes that the Court would have had original diversity jurisdiction to hear this case had Hanratty originally filed it here. The parties disagree, however, about whether the defendants satisfied several technical requirements of removal.

**II.     Analysis**

A.     Unanimity

Hanratty asks the Court to remand this case because TSA's consent is invalid and therefore does not satisfy the requirement that all properly joined and served defendants consent to removal. The law is clear that when a case is removed from state court to federal court under 28 U.S.C. § 1441, all served defendants must join in the notice of removal. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). The failure of even one served defendant to timely consent to removal in writing renders a notice of removal defective and subject to remand unless the removing defendants adequately explain the justified absence of the missing defendant. *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982).

If the case stated by the plaintiff's initial pleading is removable, that is, if it states a case

over which a federal court has original jurisdiction, the defendant must file a notice of removal

within thirty days of receiving the complaint.  28 U.S.C. § 1446(b), ¶ 1.  If the case stated by the

initial pleading is not removable on its face, the defendant has thirty days from receipt of "an

amended pleading, motion, order or other paper from which it may first be ascertained that the

case is one which is or has become removable."  28 U.S.C. § 1446(b), ¶ 2.  If the notice of

removal is defective for failure to meet time requirements, the Court should remand the case

pursuant to 28 U.S.C. § 1447(c).

The interaction between the relatively simply rules of unanimity and timeliness becomes

complicated where multiple defendants are served at different times.  Historically, courts have

implemented the unanimity and the timeliness requirements by using the "first-served defendant

rule," which holds that the thirty-day period for removal under 28 U.S.C. § 1446 begins to run

when the first defendant has notice that the case is removable.  If the first-served defendant fails

to seek removal in a timely manner, it has effectively waived its consent to removal, and it

cannot later join a later-served defendant's notice of removal.  As a consequence, the later

removal cannot be unanimous.  *See Phoenix Container, L.P. v. Sokoloff*, 83 F. Supp. 2d 928,

932-33 (N.D. Ill. 2000).

However, courts concerned with the prospect that a later-served defendant's right to

remove a case may expire before he is even served if a prior-served defendant does not act

promptly to remove the case have adopted the "later-served defendant rule."  Under that rule,

each defendant can remove a case within thirty days of being served – and earlier-served

defendants may join in the removal – regardless of whether the earlier-served defendants

exercised their removal rights within thirty days of being served.  *See Bailey v. Janssen*

*Pharmaceutica, Inc.*, 536 F.3d 1202, 1208-09 (11th Cir. 2008);  *Marano Enters. of Kan. v. Z-*

*Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001).

The Seventh Circuit Court of Appeals has not explicitly decided whether to follow the first-served defendant or last-served defendant rule, although it has hinted at various times that it would adopt one or the other. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 530 (7th Cir. 2004) (allowing for possibility that later-served defendant rule applied in the absence of collusion to create opportunity for remand); *compare Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 353 (7th Cir. 2000) (noting in *dicta* that defendants served more than thirty days before the notice of removal was filed were not able to consent to removal because their entitlement to removal had expired).

Watson, of course, objects to application of the first-served defendant rule, noting that the Seventh Circuit Court of Appeals has never explicitly adopted it. He further argues that it would be illogical to allow a later-served defendant's right to remove to expire before it is even aware of a pending claim. *See Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007).

Watson's *Price*-based argument misses the mark; Hanratty is not arguing that Watson's notice of removal is untimely but that it is not unanimous because TSA waived its right to join in removal when it failed to seek removal within thirty days of being served. *Price* involved a claim that the plaintiff voluntarily dismissed shortly after serving the defendants and then reinstated without notice to the defendants. *Id.* at 627. After the court entered default judgment against the defendants on the reinstated claims, the defendants finally learned of those claims and removed the case eight days later. *Id.* at 628. The court held that removal was timely because it was within thirty days of the defendants' ascertaining that there were removable claims against them, even counting the time that had passed between the original service of

process and the voluntary dismissal. *Id.* at 630. *Price* is inapposite to the case at bar; it was about timeliness, not unanimity. Furthermore, this case is not like *Price*, where the defendants were completely unaware of active claims against them until default judgment had been entered and promptly removed the case once they became aware of the claims. *Id.* at 627-28. Both TSA and Watson appear to have been aware of Hanratty's claims against them when they were served.

Watson also argues that *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), supports adoption of the later-served defendant rule. In *Murphy Brothers*, the Supreme Court held that a defendant is not obligated to engage in litigation by, for example, filing a notice of removal, until it is brought under the jurisdiction of the court by formal process. *Id.* at 347-48. Consequently, a defendant's thirty-day removal period is triggered only when the defendant is served with process and with an initial pleading or other paper from which it can ascertain the case is removable. *Id.* Like *Price*, *Murphy Brothers* is about timeliness, not unanimity, and is therefore inapposite to the case at bar. No party contends that TSA or Watson was obligated to file a notice of removal or otherwise consent to removal before it was served with the summons and complaint, an untenable proposition after *Murphy Brothers*. Furthermore, contrary to Watson's assertion, *Murphy Brothers* need not be a fatal blow to the first-served defendant rule so long as no unserved defendant is required to consent to an earlier-served defendant's notice of removal at the time it is filed. Here, without violating the principles of *Murphy Brothers*, TSA could have filed a notice of removal within thirty days of being served with process and explained in the notice that Watson's consent was not yet necessary because he had not yet been served. *See Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) (notice explained that missing defendant was nominal party whose consent was not

required).

Notwithstanding the foregoing discussion, the Court need not decide whether to apply the first-served or later served defendant rule because Watson's alternate argument has merit:  that it was only ascertainable that this case was removable within thirty days of his notice of removal, so TSA's thirty-day period did not begin to run when it was served.  As noted above, if the case stated by the initial pleading is not removable on its face, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ."  28 U.S.C. § 1446(b), ¶ 2; *see Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("the statute expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been manifested only by later papers, revealing the grounds for removal for the first time").

A document enables a defendant to ascertain that a case is removable when it provides the necessary facts to support a removal petition.  *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001).  Where the basis for removal is original diversity jurisdiction, courts have held that the facts required to support removal are the amount in controversy and sufficient information to assess the citizenship of each party.  *See Lovern*, 121 F.3d at 163 (answers to interrogatory requesting party's citizenship, and possibly police report revealing party's residence, triggered thirty-day removal period); *Whitaker*, 261 F.3d at 206 (document insufficient because did not contain corporate addresses); *compare Sprague v. American Bar Ass'n*, 166 F. Supp. 2d 206, 209 (E.D. Pa. 2001) (document insufficient where only contained names and addresses, but not domicile, of parties).  A defendant must use reasonable intelligence

to ascertain whether a document states a claim over which federal courts have original

jurisdiction, but it need not look beyond the face of the initial pleading. *Lovern*, 121 F.3d at 162;

*Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993); *Whitaker*, 261

F.3d at 206.

   Here, it was not ascertainable from the four corners of the complaint that the case was

removable based on original diversity jurisdiction.  The complaint alleged addresses of the

parties but not their domiciles, which determine their citizenships.  In addition, the address

alleged for Watson was incorrect.  Watson argues that TSA could not have ascertained that

Watson, who was no longer affiliated with TSA, was diverse from Hanratty until the affidavit of

service was filed on August 11, 2010, at which point TSA's thirty-day removal period

commenced.  While the Court does not purport to determine exactly where to draw the line about

what facts must be included in the complaint to alert a defendant to the citizenships of the other

parties, the information included in this complaint was clearly insufficient.  Accepting Watson's

assertion that the facts in the affidavit of service were sufficient to allow TSA to ascertain

Watson's citizenship, TSA's consent occurred within thirty days of receiving that document and

was therefore timely under 28 U.S.C. § 1446(b) and valid for the purposes of the unanimity

requirement.  The Court will not remand this action for failure to have the valid consent of all

defendants.

   B.  State Court Filing

   Hanratty also asks the Court to remand this case because Watson did not promptly file

the notice of removal in state court or serve it on her.  Watson filed the notice in state court fifty-

one days after he filed it in federal court; presumably he served it on Hanratty around the same

time.  Hanratty argues that since removal is not complete until the notice of removal is filed with

the state court, Watson's notice was untimely.  Watson states that he was prepared to file the

notice of removal in state court until he was informed by a Court employee that he did not need

to do so because the Court would do it for him.

> Service of a notice of removal is governed by 28 U.S.C. § 1446(d):
>
> Promptly after the filing of such notice of removal of a civil action the defendant
> or defendants shall give written notice thereof to all adverse parties and shall file
> a copy of the notice with the clerk of such State court, which shall effect the
> removal and the State court shall proceed no further unless and until the case is
> remanded.

As the statute indicates, the filing of the notice in state court and the service on adverse parties

gives the removal effect and deprives the state court of jurisdiction.  The purpose of the notice

and filing requirements is to give the state court notice of the removal so it can stop its

proceedings and avoid duplicative work and inconsistent results in two jurisdictions.  *Delavigne*

*v. Delavigne*, 530 F.2d 598, 601 n. 5 (4th Cir. 1976).

The statute does not define "promptly."  Courts have found that an eighteen-day delay

was not prompt, *see Doherty v. Goslin*, 2002 WL 32224695, *1-*2 (E.D. Pa. 2002) (collecting

cases), but others have found a twenty-two-day delay reasonably prompt, *see Nixon v. Wheatley*,

368 F. Supp. 2d 635, 640 (E.D. Tex. 2005).  Sometimes courts look to whether the state court

took any action after the notice of removal was filed in federal court but before it was filed in

state court to see whether the purposes of notice filing requirement were served.  *See, e.g., id.*;

*Whitney v. Wal-Mart Stores, Inc.*, No. Civ. 04-38-P-H, 2004 WL 1941345, at *1 (D. Me. Aug.

31, 2004) (six months not prompt but harmless, so remand not justified);  *Calderon v. Pathmark*

*Stores, Inc.*, 101 F. Supp. 2d 246, 247-48 (S.D.N.Y. 2000) (thirty-six day delay was relatively

short and harmless so did not justify remand).

Here, Watson did not promptly file the notice of removal in state court and did not

promptly serve it on Hanratty.  A fifty-one-day delay can hardly be called prompt, and Watson

has cited to no case so finding.

Furthermore, the fifty-one-day delay was not justified, as Watson suggests, because he

misunderstood information he received from a Court employee.  Even assuming the Court

employee misinformed Watson's counsel about the need to file the notice of removal with the

state court, the alleged advice directly contradicted the statute, which states, "Promptly after the

filing of such notice of removal of a civil action *the defendant* . . . shall file a copy of the notice

with the clerk of such State court."  28 U.S.C. § 1446(d) (emphasis added).  Regardless of what a

Court employee may or may not have told Watson's counsel, the statute clearly places the

responsibility for filing the notice in state court on the defendant.  If he erroneously believed the

Court would file the notice for him, he should have checked the state court docket to ensure this

happened, and when he saw that it did not, he should have filed the notice himself long before

fifty-one days had passed.

The delay is particularly disturbing because activities occurred in the state court during

the fifty-one-day delay.  During that delay, a third party filed a motion to intervene, and the state

court granted that motion two days after the notice was eventually filed.  The delay in filing the

notice in state court caused the third party to waste its resources drafting and filing the motion

and the state court to waste its resources preparing to rule on the motion and ruling on it when it

had no jurisdiction to do so.

In sum, it is clear that Watson did not comply with the procedural requirements of 28

U.S.C. § 1446(d) and that his failure to comply defeated that statute's purpose to avoid wasteful

or duplicative work.  In these circumstances, and in light of the preference for resolving doubts

in favor of the plaintiff's choice of forum in state court, *see Schur v. L.A. Weight Loss Ctrs., Inc.,*

577 F.3d 752, 758 (7th Cir. 2009), remand is justified.

**III.    Conclusion**

For the foregoing reasons, the Court **GRANTS** Hanratty's motion to remand (Doc. 16)

and **REMANDS** this case to the Circuit Court for the Third Judicial Circuit, Madison County,

Illinois.

**IT IS SO ORDERED.**
**DATED:  December 2, 2010**

s/ J. Phil Gilbert    
**J. PHIL GILBERT**
**DISTRICT JUDGE**
